IN THE SUPREME COURT OF THE STATE OF DELAWARE

ROBERTO ESCOBAR-ARCOS, §
§
 Defendant Below, § No. 343, 2018
 Appellant, §
§ Court Below—Superior Court
 v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 1606011302 (K)
§
 Plaintiff Below, §
 Appellee. §

Submitted: July 16, 2018
Decided: August 3, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the appellant's response, the Court concludes that:

(1) On July 6, 2018, the appellant, Roberto Escobar-Arcos, filed a notice of appeal from a Superior Court order, dated and docketed on June 5, 2018, denying his first, untimely motion for postconviction relief from his guilty plea and sentence. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before July 5, 2018. The Senior Court Clerk issued a notice directing Escobar-Arcos to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6. In his response to the notice to show cause, Escobar-Arcos

states that he could not go to the prison law library without an appeal deadline and he has had difficulty accessing the library by prison mail.

(2)     Time is a jurisdictional requirement.[1]   A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2]   An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(3)     The record does not reflect that Escobar-Arcos' failure to file a timely notice of appeal is attributable to court-related personnel.  Prison personnel are not court-related personnel.[5]   Contrary to Escobar-Arcos' contentions, he did have an appeal deadline—thirty days from the docketing of the order denying his motion for postconviction relief.[6]   In addition, the library policy Escobar-Arcos attaches to his motion states that prisoners with appeal deadlines are given priority for scheduling appointments, not that prisoners without appeal deadlines are precluded from scheduling library appointments.  This case does not fall within the exception to the

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *Kreider v. State*, 2012 WL 2979015, at *1 (Del. July 20, 2012).
[6] Supr. Ct. R. 6(a)(iv).

general rule that mandates the timely filing of a notice of appeal. This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice